UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DERRIK JAMES SIMERLINK,<br><br>Plaintiff,<br><br>v.<br><br>THE COLLEGE OF IDAHO,<br><br>Defendant. | Case No. 1:25-cv-00157-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Derrik James Simerlink's application to proceed *in forma pauperis* (Dkt. 1). The Clerk of the Court conditionally filed Mr. Simerlink's Complaint as the result of his in forma pauperis request. *See* Dkt. 2. Pursuant to 28 U.S.C. § 1915, the Court must review Mr. Simerlink's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(b). Without

MEMORANDUM DECISION AND ORDER - 1

reaching the substance of his complaint, the Court will deny Mr. Simerlink's application to proceed in forma pauperis without prejudice.

## DISCUSSION

Plaintiffs who wish to pursue civil lawsuits in this district must pay a filing fee. 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The IFP statute does not define what constitutes insufficient funds, but the Ninth Circuit has recognized that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Mr. Simerlink has not alleged poverty with sufficient particularity, definiteness, and certainty. He appears to live with his spouse and they have three

dependent children. *Application* at 1, 3, Dkt. 1. The average monthly income for the household is $3,400. *Id.* His spouse is employed at Cottonwood Behavioral health and makes $1,000 a month. *Id.* at 2. They have been employed there since 2021. *Id.* In addition, Mr. Simerlink receives $1,800 per month in disability and $200 in public assistance. *Id.* There is some discrepancy between the amount his spouse receives monthly from their employment: the average over 12 months is $1,400, but the gross pay is listed at $1,000 and the amount expected next month is $900. *Id.* 1–2. The Court will rely on the average over the past 12 months. Based on the application, the yearly income for the household is $40,800. This income places them above the poverty threshold for a household of five identified by the Department of Health and Human Services.[1] *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) ("In determining whether a certain income level meets the poverty threshold under 28 U.S.C. § 1915(a), many federal courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services[.]").

---

[1] *See* U.S. Dep't of HHS, *2025 Poverty Guidelines,* https://www.federalregister.gov/documents/2025/01/17/2025-01377/annual-update-of-the-hhs-poverty-guidelines (last visited Apr. 3 2025) (the poverty threshold for a five person household in 2025 is set at $37,650).

**MEMORANDUM DECISION AND ORDER - 3**

The household's monthly expenses amount to $2,930.[2] Assuming these expenses stay consistent, Mr. Simerlink and his spouse should have $1,070 in monthly discretionary funds. In addition to these funds, both Mr. Simerlink and his spouse have $3,000 in their checking accounts and they have two cars worth $2,000. *Application* at 2, Dkt. 1. Unless the Court is misunderstanding the application or some information missing, he does not qualify for IFP status. For one, he has more than sufficient funds in his checking account to cover the cost of the filing, even more so if his spouse's account is taken into consideration. *See Lintz v. Donahue*, No. 2:14-cv-0225-JAM-DAD PS, 2014 WL 1338782, at *1 (E.D. Cal. Apr. 2, 2014) (denying IFP application where plaintiff had $3,000 in savings even though expenses exceeded income). This is in addition to the $1,070 a month the household has after all monthly expenses are accounted for. The payment of a filing fee, then, would not deprive him of the necessities of life. *See e.g., Antonio Monterey D. v. O'Malley*, No. 3:3:24-CV-00051-BGS, 2024 WL 1574977, at *1 (S.D. Cal. Mar. 11, 2024) (denying Plaintiff's IFP application

---

[2] The Court has assumed based on the application that Mr. Simerlink and his spouse split the expenses evenly as he has listed identical expenses for himself and his spouse. For instance, the application indicates he pays $500 for rent or mortgage payment and his spouse pays $500, meaning the total rent or mortgage is $1000, split evenly. To the extent this is not the case and the total mortgage or rent payment is $500, then the Court has overestimated Mr. Simerlink's expenses and underestimated the amount of discretionary funds.

**MEMORANDUM DECISION AND ORDER - 4**

where his annual income was $24,999.96 and his average monthly expenses were $1,500, which left $500 of monthly discretionary income); *Johnson v. Leokane*, No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 n.2 (D. Haw. Oct. 9, 2008) (denying plaintiff's IFP application where the plaintiff's annual household gross income was $14,124, which was $2,164 more than the federal poverty guideline).

Accordingly, the Court will deny Mr. Simerlink's IFP application. It will, however, do so without prejudice.[3]

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's application to proceed in forma pauperis (Dkt. 1) is **DENIED**.

2. Plaintiff has 28 days to pay the applicable filing fee or file an updated application to proceed in forma pauperis. If he does not, this case may be dismissed without prejudice and without further notice.

---

[3] To clarify, without prejudice means that Mr. Simerlink may resubmit his application to the Court if there have been changes to her financial status. Moreover, to the extent expenses were missing from Mr. Simerlink's IFP application or the Court has misinterpreted the application, Mr. Simerlink may refile his application for leave to appear in forma pauperis and attempt to allege his poverty with more specificity. For instance, if Mr. Simerlink does not have access to his spouse's income, that is pertinent information for the Court to know.

**MEMORANDUM DECISION AND ORDER - 5**

3.   The Clerk of the Court is directed to send a copy of this Order to Plaintiff by U.S. Mail.

DATED: May 15, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6